**IN THE COURT OF APPEALS OF IOWA**

No. 22-0330
Filed May 11, 2022

**IN THE INTEREST OF J.J.,**
**Minor Child,**

**T.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Page County, Jennifer Benson Bahr,

District Associate Judge.


        A father appeals the termination of his parental rights to a child.

**AFFIRMED.**



        Kevin R. Tucker of Woods, Wyatt & Tucker, PLLC, Glenwood, for appellant

father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Vicki Danley, Sidney, attorney and guardian ad litem for minor child.



        Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

The department of human services received a complaint that a child born in 2019 was physically abused by a friend of the child's mother.  The department "devised a verbal safety plan for [the child] to remain with his father," who was staying with his mother in Omaha, Nebraska.  The stay was short-lived.  The father moved in with a woman who exposed the child to a stabbing and drugs.

The department applied to have the child temporarily removed from parental care.  The district court granted the application and later adjudicated the child in need of assistance.  In time, the State petitioned to terminate parental rights.  The district court granted the petition pursuant to two statutory provisions.  The father appealed.

The father (1) challenges the grounds for termination cited by the district court; (2) argues the department failed to make reasonable reunification efforts; (3) asserts termination was not in the child's best interests; (4) argues he has a "strong bond" with the child; and (5) seeks additional time to reunify with the child.

We may affirm if we find clear and convincing evidence to support either ground cited by the district court.  *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021).  We elect to focus on Iowa Code section 232.116(1)(h) (2021), which requires proof of several elements, including proof the child cannot be returned to parental custody.  "[A]s a part of its ultimate proof the child cannot be safely returned to the care of a parent," the State must show the department made reasonable efforts to reunify parent and child.  *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

The original case manager asked the father to complete mental-health and substance-abuse evaluations. She testified that he "did complete both" but failed to follow up with "those services." The case manager acknowledged the father had trouble paying for additional services. He also had difficulty getting to the sessions. But there is scant indication that the father asked the department to defray costs and provide transportation assistance. *Cf. In re S.B.*, No. 17-0221, 2017 WL 2184830, at *3 (Iowa Ct. App. May 17, 2017) (citing the department's offer of transportation services and gasoline vouchers); *In re K.S.*, No. 08-0702, 2008 WL 2746584, at *2 (Iowa Ct. App. July 16, 2008) (citing department's provision of financial assistance in the form of gas vouchers and funds to repair a vehicle).

The father did ask the department to complete an interstate compact study of his mother's Nebraska home. While he now asserts the department failed to follow through, a second case manager testified she "submit[tted] the [interstate compact] request in Nebraska"; the Nebraska agency "request[ed] additional information," which was given; and she was "not sure" why the agency had not "reached out to" the father's mother.[1] We conclude the department did everything it could to facilitate an investigation of the paternal grandmother's home and, accordingly, satisfied its reasonable-efforts mandate.

Even if the department could have ensured timely completion of the Nebraska home study, the father's limited headway on the parenting front precluded reunification. The original case manager noted "concerns . . . in regard

---

[1] The district court denied a request to postpone the termination hearing pending completion of the study.

to [the father's] interactions with" the child and, specifically, his knowledge and follow-through in "meeting [the child's] needs" during supervised visits. She recommended termination of the father's parental rights. The employee who took over the case similarly testified the father experienced "some struggles with the visits" and was "resistive to redirection and instruction." And a service provider stated that the father did not seem to adapt to certain parenting techniques she taught and got upset when she tried to address his behaviors. The department concluded that, after fourteen months, the father failed to make "substantial progress to where [he] could have the[] child back" and the child was "unable to return home at this time or in the foreseeable future." On our de novo review, we conclude the State proved the elements of Iowa Code section 232.116(1)(h).

The father next argues termination was not in the child's best interests under Iowa Code section 232.116(2), but his argument implicates an exception to termination under Iowa Code section 232.116(3)(c) based on the closeness of the parent-child relationship. The father testified he had "a very good bond" with the child. He pointed to the "hugs" and "kisses" the child gave him and the fact he always said "bye-bye" and "wave[d]" at the end of supervised visits. The father characterized the child as "very loving" and "very sweet." At the same time, he conceded the child could not be returned to him for several months. Given his parenting deficits, we conclude the father's bond with the child did not override the statutory ground for termination set forth in section 232.116(1)(h).

We are left with the father's request for additional time to facilitate reunification. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) ("[T]he juvenile court may deny termination and give the parent an additional six months for

reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" (quoting Iowa Code § 232.104(2)(b))). We conclude the father's limited progress over fourteen months supported the denial of additional time to reunify.

We affirm the district court's termination of the father's parental rights to the child.

**AFFIRMED.**